**Mahesh Kumar BASNET, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

Nos. 07–4239–ag(L), 08–0593–ag(Con).

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Mahesh Kumar Basnet, a native and citizen of Nepal, seeks review of the September 14, 2007 and January 7, 2008 orders of the BIA denying his motion to reopen. *In re Mahesh Kumar Basnet,* No. A98 413 111 (B.I.A. Sept. 14, 2007); *In re Mahesh Kumar Basnet,* No. A98 413 111 (B.I.A. Jan. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, an alien files a timely petition for review from the denial of a motion to reopen, but not from the underlying denial of an application for relief from removal, we may review only the denial of the motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Here, we find that the BIA did not abuse its discretion in denying Basnet's motion to reopen for failure to demonstrate *prima facie* eligibility for asylum,[1] where he did not demonstrate that his fear of persecution was on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42) (requiring an applicant to establish that his claim of past persecution or a well-founded fear of persecution is *on*

---

1. Basnet did not seek reopening to pursue    any other form of relief.

**22**

account of his race, religion, nationality, political opinion, or particular social group); *see also INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (noting that failure to demonstrate *prima facie* eligibility for relief from removal is a proper ground for denying a motion to reopen removal proceedings).

Indeed, the BIA considered the evidence that Basnet submitted in support of his motion, and reasonably concluded that it did not demonstrate that former police officers have been specifically targeted for abuse in Nepal. In fact, the country conditions evidence indicates that human rights abuses have impacted everyone in Nepal, including members and supporters of political parties, government officials, businessmen, and journalists. Such general violence in a country from which asylum is claimed "does not lend support to an asylum claim since a well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground." *Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir.1999).

The BIA also reasonably found that Basnet's more particularized evidence did not demonstrate that Maoists had set fire to his house on account of a protected ground, or that any harm he feared was on account of his status as a former police officer. *See id.; see also INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Matter of Fuentes,* 19 I. & N. Dec. 658, 661 (BIA 1988). Moreover, although the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–405 (2d Cir.2005), it does not err where, as here, its decision to reject documentary evidence is based substantially on the relevancy of the docu-

ments and only mentions the fact that a document was not authenticated, *see Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007) (finding that the BIA's refusal to credit an unauthenticated document was not error where the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication).

For the foregoing reasons, the petitions for review are DENIED.